**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JASON CHRISTOPHER LONG,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**MAXIMUS, INC. d/b/a AIDVANTAGE et al.**<br>**Properly identified as Maximus Education, LLC d/b/a/ Aidvantage,**<br>**1600 Tysons, Blvd., Suite 1400**<br>**McLean, VA 22102**<br>**United States**<br><br>       **Defendants.** | Case No.: 1:25-CV-3272 |

**NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Maximus Education, LLC d/b/a Aidvantage ("Aidvantage") (incorrectly named as Maximus, Inc. d/b/a Aidvantage), Dominic Martin, and Sam Tandy (collectively, "Defendants"), through their counsel, respectfully file this Notice of Removal of an action from the Superior Court of the District of Columbia. As grounds for this Notice of Removal, Defendants state the following:

1. On July 25, 2025, Plaintiff Jason Christopher Long ("Plaintiff") filed a Complaint ("Complaint") in the Superior Court of the District of Columbia ("Superior Court Action"), captioned *Jason Christopher Long v. Maximus, Inc. d/b/a Aidvantage et al.*, Case No. 2025CAB004846. Plaintiff's Complaint seeks relief from Aidvantage for alleged violations of the D.C. Student Loan Borrower Bill of Rights Act and the D.C. Consumer Protection Procedures Act.

1

Compl. ¶¶ 22-25. Plaintiff also asserts claims for fraud, forgery, negligence, gross negligence, and intentional infliction of emotional distress under common law. Compl. ¶¶ 26-38.

2. Defendants, through counsel, completed and returned a Notice and Acknowledgment of Service to the Plaintiff by mail and email on August 28, 2025, in accordance with D.C. Super. Ct. R. Civ. P. 4(c)(5). This Notice of Removal is filed within twenty-one (21) days of signing and returning the Notice of Acknowledgment of Service, in accordance with D.C. Super. Ct. R. Civ. P. 4(c)(5), and less than thirty (30) days after service by Notice and Acknowledgment of Service was completed, and is therefore timely under 28 U.S.C. § 1446(b)(1). The thirty-day removal period begins to run after a defendant is formally served, by certified mail or another process established under local court rules. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Service by Notice and Acknowledgement of Service is not complete until a defendant returns the acknowledgment within the designated time period. *See Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877, 879–80 (3d Cir. 1987); *see also Addanki v. Def. Logistics Agency Def. Pers. Support Ctr.*, No. CIV. A. 95-CV-696, 1996 WL 635590, at *2–3 (E.D. Pa. Oct. 31, 1996). Here, service was complete on August 28, 2025, when Defendants

returned the acknowledgment of service. Removal is therefore timely under 28 U.S.C. § 1446(b)(1).

3. Removal to this District is proper because this civil action was filed and is pending in the Superior Court of the District of Columbia. *See* 28 U.S.C. § 1441(a). The Superior Court of the District of Columbia is a state court located within this District. *Id.*

## Diversity Jurisdiction

### A. Diversity of citizenship

4. Plaintiff alleges that he is an individual residing in the District of Columbia. *See* Compl. ¶ 1. For the purposes of diversity jurisdiction, an individual is a citizen of the state in which they reside and intend to remain indefinitely. 28 U.S.C. § 1332(a)(1). Accordingly, Plaintiff is a citizen of the District of Columbia for purposes of diversity jurisdiction on removal.

5. Aidvantage is a Delaware limited liability company with a principal place of business in McLean, Fairfax County, Virginia. Aidvantage is wholly owned by its sole member Maximus Federal Services, Inc. a Virginia Corporation, with a principal place of business in McLean, Fairfax County, Virginia. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which is has been incorporated and of the State . . . where is has its principal place of business."). The citizenship of an unincorporated entity is determined by the citizenship of its members. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016). Therefore, Aidvantage is a citizen of Virginia.

6. Dominic Martin is an individual residing in Indiana. For the purposes of diversity jurisdiction, an individual is a citizen of the state in which they reside and intend to remain

indefinitely. 28 U.S.C. § 1332(a)(1). Accordingly, Dominic Martin is a citizen of Indiana for purposes of diversity jurisdiction on removal.

7. Sam Tandy is an individual residing in Pennsylvania. For the purposes of diversity jurisdiction, an individual is a citizen of the state in which they reside and intend to remain indefinitely. *Id.* Accordingly, Sam Tandy is a citizen of Pennsylvania for purposes of diversity jurisdiction on removal.

8. Because Plaintiff is a citizen of the District of Columbia, Aidvantage is a citizen of Virginia, Dominic Martin is a citizen of Indiana, and Sam Tandy is a citizen of Pennsylvania, complete diversity of citizenship exists for purposes of § 1332(a).

**B. Amount in controversy**

9. To assert the amount in controversy for removal pursuant to 28 U.S.C. § 1446(a), Defendants' notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014).

10. Plaintiff seeks injunctive relief in the form of a declaration that the student loans are void and unenforceable and seeks to enjoin Aidvantage from servicing, reporting, or collecting on his student loans. Compl. ¶¶ 12, 26-28, A, and D (Prayer for Relief). He also seeks a permanent injunction barring Aidvantage from servicing, collecting, or managing student loans for any resident of the District of Columbia. Compl. ¶¶ A and G (Prayer for Relief). "For amount in controversy purposes, 'the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1309 (11th Cir. 2001). The value of Plaintiff's injunctive relief is the amount that Plaintiff would not pay back on his student loans if such injunctive relief were granted. Page 3 of

Exhibit 1 filed by Plaintiff indicates that the loan balance as of November 8, 2021, was $82,744.46. Additional data provided to counsel by Plaintiff from the U.S. Department of Education, National Student Loan Data System, dated June 7, 2025, states the Student Total All Loans Outstanding Principal on line 45 as the amount of $80,376.09. *See* Defendants' Exhibit 1, USDE Report 6/7/2025. Based solely on the injunctive relief seeking to bar collection on Plaintiff's student loans, Plaintiff represents that he is pursuing money judgment above the jurisdictional threshold. Moreover, the monetary value of potential benefits resulting from permanently enjoining Aidvantage from servicing *any* federal student loan for any resident of the District of Columbia would substantially exceed the amount in controversy requirements of between 28 U.S.C. § 1332(a).

11. In addition to injunctive relief, Plaintiff asserts damages for financial harm due to alleged unfair and deceptive trade practices, including misrepresentation of loan terms, failure to provide requested documents and information, and obstruction of his ability to make informed repayment decisions. Compl. ¶¶ 22-25 and 36-37. Plaintiff alleges the damages resulted from Defendant's fraud and negligence. Compl. ¶¶ 26-30. He also asserts damages resulting from emotional harm and distress. Compl. ¶¶ 32-34.

12. For the alleged harm, Plaintiff demands compensatory damages exceeding $50,000, as well as statutory penalties and attorney's fees. Compl. ¶¶ B and C (Prayer for Relief). When actual and punitive damages are recoverable under a complaint's allegations, each must be considered in determining the amount in controversy. *Bell v. Preferred Life Assurance Soc'y of Mongomery*, 320 U.S. 238, 240 (1943).

13. The allegations in the Complaint, the loan amount information in the supporting materials, and Plaintiff's informal estimates of his damages demonstrate that Plaintiff seeks a

judgment in an amount greater than $75,000, satisfying the amount in controversy requirement. For these reasons, removal of the State Court Action to this Court under 28 U.S.C. §§ 1332(a), 1441, and 1446 is proper.

## Venue

11. Venue lies in this Court, because Plaintiff's Superior Court Action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

12. This action is not an action described in 28 U.S.C. § 1445.

13. Consistent with 28 U.S.C. § 1446(a), attached hereto are all process, pleadings, and orders from the Superior Court Action proceeding in the Superior Court of the District of Columbia, 2025CAB004846 that Plaintiff served, which include:

- Plaintiff's Notice and Acknowledgment of Service mailed to Defendants Aidvantage, Dominic Martin, and Sam Tandy
- Initial Order for Hearing in Superior Court of the District of Columbia.
- Plaintiff's Complaint and Jury Demand
- Exhibits 1-3 to Plaintiff's Complaint and Jury Demand

14. Consistent with 28 U.S.C. § 1446(d), Aidvantage is serving written notification on Plaintiff and the Superior Court of the District of Columbia Court by filing a Notice of Filing Notice of Removal and attaching a copy of this Notice of Removal in the Superior Court of the District of Columbia Case No. 2025CAB004846.

Based on the above, Defendants removes this action, which is pending in the Superior Court of the District of Columbia, as Case No. 2025CAB004846, to this Honorable Court.

6

DATED this 18th day of September 2025.

        Respectfully submitted,

        */s/ Michael Klebanov*
        Michael Klebanov        Bar No.: 1048021
        HUSCH BLACKWELL, LLP
        1800 Pennsylvania Ave. NW, Suite 1000
        Washington, DC 20006
        Phone: 202.378.2300
        Fax: 202.378.2319
        Email: Michael.Klebanov@huschblackwell.com

        *Attorney for Defendants Maximus Education, LLC d/b/a Aidvantage, Dominic Martin, and Sam Tandy*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 18, 2025, the foregoing was served upon plaintiff via email, and by certified and regular mail on September 19, 2025 to:

Jason Christopher Long
5112 MacArthur Blvd., N.W., Unit 4
Washington, DC 20016
Tel: 202.790.2276
Email: jclong2010@yahoo.com

*Plaintiff in Pro Per*


                                                          */s/ Michael Klebanov*