IN THE DISTRICT COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jason Christopher Long,<br><br>Plaintiff,<br><br>vs.<br><br>MAXIMUS INC., EL AT.,<br><br>Defendant. | Case No.: 1:25-cv-03272-RC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND NOTICE OF DEFECTIVE REMOVAL PROCEDURE** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND NOTICE OF DEFECTIVE REMOVAL PROCEDURE**

Plaintiff, Jason Christopher Long, respectfully submits this Opposition to Defendants' Motion for Extension of Time to Respond to the Complaint (Dkt. No. 8), and brings to the Court's attention a critical jurisdictional defect in Defendants' removal of the case. Specifically, Defendants failed to properly perfect the removal process, and as such, jurisdiction remains with the D.C. Superior Court. This Court lacks authority to entertain Defendants' motion until the procedural defects are cured.

## I. INTRODUCTION

Defendants seek an extension of time to respond to Plaintiff's Complaint. However, before they can request such an extension, they must first properly complete the removal process. Defendants' counsel, Rachel Myers, signed and sent three copies of the D.C. Superior Court Notice of Acknowledgment of Service to Plaintiff on August 28, 2025. While Plaintiff received the copies via email and mail, Defendants failed to file a copy with the D.C. Superior Court as required under D.C. Superior Court Rule 101(a) and 28 U.S.C. § 1446(d).

Because Defendants have not perfected the removal, jurisdiction remains with D.C. Superior Court, and this Court lacks jurisdiction to rule on the Motion for Extension of Time.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1446(d), the removal process is not complete unless specific steps are taken. The statute mandates that:

"Promptly after the filing of such notice of removal, the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal…"

Thus, Defendants are required to file the notice of removal in both the federal court and the state court and serve the Plaintiff with the removal notice. Until these steps are completed, jurisdiction does not transfer to federal court.

Additionally, D.C. Super. Ct. Civ. R. 101(a) requires that after a removal notice is filed in federal

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND NOTICE OF DEFECTIVE REMOVAL PROCEDURE - 1

**RECEIVED**
SEP 30 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

court, Defendants must also file a praecipe and serve the notice on the state court to effect the removal.

Relevant Case Law:

1. Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., 422 F.3d 72, 75 (2d Cir. 2005): "Until the state court receives proper notice, it retains jurisdiction over the case."

2. State of Maryland v. Rosenstein, 889 F. Supp. 2d 587, 591 (D. Md. 2012): "Removal is not effective until both prongs of § 1446(d) are satisfied."

3. Norton v. McShane, 417 F.2d 1171, 1175 (D.C. Cir. 1969): "Removal is not effective until the defendant has filed with the state court and served the adverse party."

4. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 66 (1996): "Jurisdictional defects must be resolved before proceeding with any matters in federal court."

## ARGUMENT

A. Defendants Have Failed to Perfect the Removal Process

Defendants filed their Notice of Removal in federal court on September 19, 2025. However, Defendants have failed to file the required Notice of Filing of Removal with the D.C. Superior Court, and they did not serve Plaintiff with the proper notice via the state court docket. On August 28, 2025, Defendants' counsel Rachel Myers signed and sent three copies of the D.C. Superior Court Notice of Acknowledgment of Service to Plaintiff. While Plaintiff received these copies via email and mail, no copy was filed with the D.C. Superior Court clerk, as required by D.C. Super. Ct. Civ. R. 101(a). Without filing the notice in the state court, the removal process remains incomplete, and the D.C. Superior Court retains jurisdiction over the case.

The failure to properly file in the state court means that the case has not been transferred to federal court, and this Court lacks jurisdiction to rule on any motions.

B. Defendants' Motion for Extension of Time is Premature

Because jurisdiction has not transferred to federal court, Defendants' Motion for Extension of Time to Respond to the Complaint is premature. The federal court cannot exercise jurisdiction over this case until the removal process is completed.

In Rosenstein, 889 F. Supp. 2d at 591, the court emphasized: "Without proper removal, this Court lacks jurisdiction to entertain the motion."

In United States ex rel. Eisenstein v. City of New York, 556 U.S. 928, 934 (2009), the U.S. Supreme Court held: "Failure to comply with procedural rules undermines the integrity of the

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND NOTICE OF DEFECTIVE REMOVAL PROCEDURE - 2

judicial system and is not to be excused."

Defendants cannot bypass the necessary procedural requirements and still expect to benefit from federal court intervention.

### C. Defendants Have Not Met the Deadlines for Completing the Removal Process

Defendants are required to file the Notice of Removal promptly with the D.C. Superior Court and serve the Plaintiff, per 28 U.S.C. § 1446(d) and D.C. Super. Ct. Civ. R. 101(a). Defendants' failure to do so means the removal process is incomplete, and jurisdiction remains with D.C. Superior Court.

In Swindle v. California Electric Co., 492 F.2d 374, 377 (9th Cir. 1974), the court ruled that: "Failure to comply with the statutory procedural requirements for removal results in the case remaining in state court."

Because Defendants missed the deadlines for perfecting removal, the motion for extension should be denied, and the case should remain in D.C. Superior Court.

## CONCLUSION

For the reasons set forth above, Defendants have failed to perfect the removal, and as such, jurisdiction remains with the D.C. Superior Court. Defendants' Motion for Extension of Time is premature and should be denied.

Plaintiff respectfully demands that the Court:

1. DENY Defendants' Motion for Extension of Time to Respond to the Complaint;

2. RECOGNIZE that jurisdiction remains in D.C. Superior Court due to Defendants' failure to perfect the removal;

3. Grant such further relief as justice may require.

Honorably Submitted,

*Jason Long* (signature)
Jason Christopher Long
Plaintiff, Pro Per.
"Without Prejudice UCC 1-308".
9/30/2025

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND NOTICE OF DEFECTIVE REMOVAL PROCEDURE - 3

## PROPOSED ORDER

IT IS HEREBY ORDERED that:

1. DENY Defendants' Motion for Extension of Time to Respond to the Complaint;

2. RECOGNIZE that jurisdiction remains in D.C. Superior Court due to Defendants' failure to perfect the removal;

3. Grant such further relief as justice may require.

IT IS SO ORDERED.

Dated: _____

_____
Judge of the District Court of the District of Columbia

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2025, I served a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND NOTICE OF DEFECTIVE REMOVAL PROCEDURE upon the following party(ies) via email at the email address(es) listed below:

michael.klebanov@huschblackwell.com

colleen.fox@huschblackwell.com

rachel.myers@huschblackwell.com

*/s/ Jason C. Long*
Jason Christopher Long
Plaintiff, Pro Per.
"Without Prejudice UCC 1-308".
9/30/3025

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND NOTICE OF DEFECTIVE REMOVAL PROCEDURE - 4