UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

---

Jason Christopher Long,

    Plaintiff,


v.　　　　　　　　　　Case No.: 25-cv-3272 RC


MAXIMUS EDUCATION, LLC, D/B/A AIDVATANGE, EL AT.,

    Defendant.

---

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
## AND MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff, Jason Christopher Long, specially appearing as Propria Persona, respectfully submits this Opposition to Defendant Maximus Education, Inc.'s Motion to Dismiss and incorporates herein a Memorandum of Points and Authorities in support.

Plaintiff asserts that Defendant's motion lacks merit and fails to satisfy the applicable standards under Federal Rules of Civil Procedure 12(b)(6), 6(d), and 7(b). Plaintiff further asserts that the claims are grounded in fraud, forgery, and unlawful conduct by Defendant and its agents—specifically, Dominic Martin, Sam Tandy, and Rachel Myers—who have engaged in fraudulent concealment, tampering, and misrepresentation.

Plaintiff also reserves all rights under the District of Columbia Reservation of Rights, and expressly states that these filings are made under distress and duress, with no waiver of rights or appellate opportunities. Plaintiff objects to all judicial rulings in this matter issued without Plaintiff's consent; proceedings require signatures and agreement of both parties, which have not been provided.



**RECEIVED**
NOV 5 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## FACTUAL BACKGROUND

### 1. Defendant's Fraudulent Conduct:

- August 28, 2025: Counsel Rachel Myers signed, emailed, and mailed a Notice and Acknowledgment of Service, deliberately concealed from the D.C. Superior Clerk and Judge Boiser.

- September 13, 2024: Dominic Martin emailed Plaintiff claiming efforts to retrieve passwords for a 2018 document.

- October 7, 2024: Letter stating document could not be located.

- December 26, 2023: Defendant mailed altered/tampered documents.

- September 16, 2025: Sam Tandy emailed four tampered documents, altered from original records mailed by Navient on January 19, 2019.

### 2. Loan Forgery and Constructive Fraud:

- DMD Financial Services, Inc. submitted a Federal Direct Loan Consolidation Application and Promissory Note on October 8, 2013, approved December 6, 2013, without Plaintiff's authorization.

- DMD was a dissolved debt collection agency, making submission unauthorized and constituting constructive fraud under California law. (Hunter v. Up-Right, Inc., 6 Cal.4th 1174, 1184 (1993); Molko v. Holy Spirit Ass'n, 46 Cal.3d 1092, 1108 (1988)).

### 3. Loan Discharge Tampering:

- Loans were deleted June 29, 2020, per Sharon Ottinger May 1, 2020 Letter of Opinion.

- Unlawful reinstatement March 9, 2021, without notice.

- August 21, 2025 Letter of Opinion confirmed five pages of 2013 note are forgeries.

### 4. Procedural Violations:

- Rachel Myers failed to file Notice of Appearance under Local Civil Rule 101(a) before Notice of Removal on September 18, 2025; removal procedurally defective. (Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006)).

### 5. SSN Misuse and Exhibit 1:

- Exhibit 1 lists Plaintiff's Social Security Number as original Loan ID. SSA banned federal government use of SSNs for loans on October 1, 1990.

- Plaintiff documents all fraud; Defendant relies solely on unsupported statements. (Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)).

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Federal Jurisdiction Is Improper

- Defendant fails Gunn v. Minton, 568 U.S. 251, 257 (2013); Grable & Sons Metal Products, Inc. v. Darue Eng'g, 545 U.S. 308, 314 (2005) four-part test: (1) necessarily raised, (2) actually disputed, (3) substantial, (4) resolvable in federal court without disturbing state-federal balance.

- Claims arise under fraud, forgery, and state law; federal question jurisdiction improper. (Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)).

### B. Rule 12(b)(6) Pleading Standard Met

- Complaint survives motion to dismiss when plausible claim for relief stated. (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

- Courts must accept factual allegations as true; do not weigh evidence at this stage. (Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995); RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996)).

### C. Plaintiff's Standing Established

- Injury-in-fact, causation, redressability satisfied. (Harty v. W. Point Realty, Inc., 28 F.4th 435, 442 (2d Cir. 2022); Lujan, supra).

### D. Pro Se Pleadings Liberally Construed

- Pro se filings construed liberally; dismissal improper unless no possible facts support relief. (Hughes v. Rowe, 449 U.S. 5, 9 (1980); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988); Zaluski v. United Am. Healthcare Corp., 527 F.3d 564, 570 (6th Cir. 2008)).

### E. Fraud and Promissory Fraud Well-Pled

- Elements: misrepresentation, knowledge of falsity, intent to defraud, justifiable reliance, damages. (Hunter v. Up-Right, Inc., 6 Cal.4th 1174, 1184 (1993); Molko, supra).

- Promissory fraud: promise without intent to perform. (Union Flower Market, Ltd. v. S. Cal. Flower Market, Inc., 10 Cal.2d 671, 676 (1938)).

### F. Denial of Governmental Immunity

- Defendant acted privately, not as federal agency; immunity inapplicable. (Torres v. N.C. Dep't of Pub. Safety, 288 N.C. App. 620, 887 S.E.2d 433 (2023)).

### G. Borrower Protections

- 2025 DOE Notice of Interpretation and 2024 DC Student Loan Borrower's Bill of Rights protect against misrepresentation, document falsification, and predatory lending. Defendant violated these protections since 2022.

### H. Objections to Judicial Rulings

- Plaintiff objects to all denials and rulings made without consent; proceedings require agreement of both parties.

### IV. LOCAL CIVIL RULES 6(d) AND 7(b) COMPLIANCE

- Plaintiff certifies compliance with Local Civil Rule 6(d) (timely filing) and Rule 7(b) (proper motion form and length).

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff, Jason Christopher Long, specially appearing as Propria Persona, respectfully submits this Opposition to Defendant Maximus Education, Inc.'s Motion to Dismiss and incorporates herein a Memorandum of Points and Authorities in support.

Plaintiff asserts that Defendant's motion lacks merit and fails to satisfy the applicable standards under Federal Rules of Civil Procedure 12(b)(6), 6(d), and 7(b). Plaintiff further asserts that the claims are grounded in fraud, forgery, and unlawful conduct by Defendant and its agents—

Dominic Martin, Sam Tandy, and Rachel Myers—who have engaged in fraudulent concealment, tampering, misrepresentation, and mail fraud.

Plaintiff also reserves all rights under the District of Columbia Reservation of Rights, and expressly states that these filings are made under distress and duress, with no waiver of rights or appellate opportunities. Plaintiff objects to all denials and rulings issued by the presiding judge without Plaintiff's consent, as no joint signatures or mutual consent were given by both parties for such determinations. Any orders or rulings made unilaterally are invalid and made over Plaintiff's express objection.

## FACTUAL BACKGROUND

1. Defendant's Fraudulent Conduct: On August 28, 2025, Defendant's counsel Rachel Myers signed, emailed, and mailed a Notice and Acknowledgment of Service, which was deliberately concealed from the D.C. Superior Clerk and Judge Boiser. On September 13, 2024, Dominic Martin emailed Plaintiff claiming efforts to retrieve passwords for a 2018 document. On October 7, 2024, he mailed a letter falsely stating the document could not be located. On December 26, 2023, Defendant mailed altered and tampered documents, and on September 16, 2025, Sam Tandy emailed Plaintiff four falsified versions of records originally mailed by Navient on January 19, 2019.

2. Loan Forgery and Constructive Fraud: DMD Financial Services, Inc. submitted a Federal Direct Loan Consolidation Application and Promissory Note on October 8, 2013, approved on December 6, 2013. DMD was not an authorized servicer but a dissolved debt collection agency based in Greensboro, NC, and acted without Plaintiff's consent. This constitutes constructive fraud, forgery, and promissory fraud.

3. Loan Discharge Tampering: Plaintiff's loans were deleted on June 29, 2020, following Sharon Ottinger's Letter of Opinion (May 1, 2020). However, the loans were unlawfully reinstated on March 9, 2021, without written notice from the Department of Education. A Letter of Opinion dated August 21, 2025 confirms all five pages of the 2013 note are forgeries.

4. Procedural Violations: Defendant's attorney Rachel Myers failed to file a Notice of Appearance under Local Civil Rule 101(a) before filing a Notice of Removal on September 18, 2025, which was docketed by D.C. Superior Court on September 19, 2025, and transferred to this Court on September 26, 2025, rendering the removal procedurally defective.

5. Use of Plaintiff's SSN as Loan Identifier (Exhibit 1): Defendant's Exhibit 1 improperly lists Plaintiff's Social Security Number as the "original Loan ID #." The Social Security Administration and Office of Management and Budget (OMB) have prohibited any federal agency, contractor, or servicer from using SSNs as loan identifiers since October 1, 1990, under Pub. L. 100-503, the Privacy Act of 1974 (5 U.S.C. § 552a), and OMB Circular A-130. This unlawful act demonstrates Defendant's misuse of personally identifiable information, identity exploitation, and violation of federal privacy law.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Federal Jurisdiction Is Improper and Defendant Has Not Met Its Burden

The Supreme Court has held that most cases "arising under federal law" involve claims where federal law creates the cause of action asserted. Gunn v. Minton, 568 U.S. 251, 257 (2013). Only a "small category" of state-law claims qualify for federal question jurisdiction. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006).

Under Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005), a federal issue must be (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) resolvable in federal court without disrupting the federal-state balance.

Defendant fails all four prongs. The claims here arise from fraud, forgery, and false certifications under D.C. and state law, not from federal statute. Because Defendant has not met its burden, this Court lacks jurisdiction and the case should be remanded or the motion denied.

### B. The Complaint Satisfies Rule 12(b)(6) Standards

Under Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Complaint states plausible claims supported by specific, dated facts. Courts must accept all factual allegations as true and draw inferences in favor of Plaintiff.

Defendant's fraudulent actions—including mailing altered documents on December 26, 2023, sending four tampered documents on September 16, 2025, and concealing the 9/13/2018 record—satisfy this standard.

Moreover, Defendant's own Exhibit 1 confirms its misconduct by listing Plaintiff's SSN as the "Loan ID", violating federal privacy laws. The Social Security Administration banned such use on October 1, 1990, under the Privacy Act of 1974 (5 U.S.C. § 552a). Plaintiff's evidence is based on verifiable documentation, unlike Defendant's unsupported assertions.

### C. Plaintiff's Standing Is Established

Plaintiff has demonstrated:

1. Concrete injury – reinstatement of discharged loans, misuse of SSN, and reputational harm.

2. Causation – directly traceable to Defendant's falsification, misrepresentation, and concealment.

3. Redressability – judicial discharge and damages would remedy the injury.(Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992); Harty v. W. Point Realty, Inc., 28 F.4th 435 (2d Cir. 2022).)

## D. Pro Se Pleadings Are Liberally Construed

Courts must construe pro se filings liberally. Hughes v. Rowe, 449 U.S. 5 (1980). Plaintiff's claims are supported by documentary proof, not conjecture, and clearly allege actionable fraud, forgery, and violations of D.C. and federal borrower protections.

## E. Fraud and Promissory Fraud Are Well-Pled

Defendant knowingly submitted false and altered documents, promised to locate original records but failed, and misrepresented facts regarding the 2013 note. Each act satisfies the elements of fraud (Hunter v. Up-Right, Inc., 6 Cal.4th 1174 (1993)) and promissory fraud (Union Flower Market v. S. Cal. Flower Market, 10 Cal.2d 671 (1938)).

The mailing of tampered documents on December 26, 2023, and September 16, 2025, and the concealment of the September 13, 2018 document demonstrate a continuing pattern of fraudulent conduct.

## F. Statutory Borrower Protections

**1. 2025 Department of Education Notice of Interpretation (Jan. 16, 2025):** This Notice clarifies that Title IV servicers may not make false, misleading, or deceptive representations to borrowers. Defendant's conduct violates 20 U.S.C. § 1094(c)(3) and 34 C.F.R. § 668.71–75.

**2. 2024 D.C. Student Loan Borrower's Bill of Rights Act (D.C. Law 25-219):** Effective on September 2017 and Amended on Nov. 27, 2024, this Act prohibits deceptive or unfair acts by loan servicers and provides borrowers with a private right of action. Defendant's repeated falsifications, omissions, and misuse of SSN violate §§ 31-106.02a and 31-106.02e.

**3. Borrower Defense to Repayment** (34 C.F.R. § 685.206(e)): Plaintiff filed a Borrower Defense to Repayment on March 6, 2023. DOE must respond by March 6, 2026, as Plaintiff's application is individual, not group-based. Defendant's attorney falsely claimed a "three-year pause" under 2023 regulations—constituting fraudulent concealment and misrepresentation of law.

## G. Sovereign Immunity Inapplicable

Defendants are not immune because they acted outside any lawful Federal governmental capacity. Fraud, falsification, and concealment are ultra vires acts unprotected by sovereign immunity. (Torres v. N.C. Dep't of Pub. Safety, 288 N.C. App. 620 (2023).)

## H. Plaintiff's Rights and Objections Reserved

**Plaintiff:**

Objects to all denials, rulings, or orders issued by the judge without consent or mutual signature;

Objects to all presumptions and assumptions made regarding any unsigned or forged documents;

Reserves all rights to appeal, to file lawsuits, sanctions, and to pursue damages under federal and D.C. law.

Reserves D.C. Reservation of Rights under D.C. Code 28:1-308.

## IV. LOCAL CIVIL RULES 6(d) AND 7(b) COMPLIANCE

Plaintiff certifies compliance with Local Civil Rule 6(d) (timely filing within 14 days) and Rule 7(b) (proper motion form and length).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Honorable Court:

1. **DENY** Defendant's Motion to Dismiss in its entirety;

2. **GRANT** Plaintiff's Motion for Entry of Default Judgment filed on September 22, 2025;

3. **RECOGNIZE** all documentary evidence as verified and material;

4. **ORDER** discharge of all unlawfully reinstated debts;

5. **ADMONISH** the Defendant and counsel for fraudulent misrepresentations; and

6. **RETAIN** jurisdiction for damages and further remedies.


Honorably submitted,

*Jason C. Long* (signature)

Jason Christopher Long

Propria Persona

5112 MacArthur BLVD, N.W., Unit 4

Washington, District of Columbia (20016)

"Without Prejudice" DC Local Code 28:1-308

ALL RIGHTS RESERVED.

11/5/2025

Judge of the United States Court of the District of Columbia

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2025, a true and correct copy of the foregoing Proposed Order was served upon all counsel of record and parties appearing electronic mail:

rachel.myers@huschblackwell.com

colleen.fox@huschblackwell.com

Michael.Klebanov@huschblackwell.com

*/s/ Jason C. Long*

Jason Christopher Long

Propria Persona

5112 MacArthur BLVD, N.W., Unit 4

Washington, District of Columbia (20016)

"Without Prejudice" DC Local Code 28:1-308

ALL RIGHTS RESERVED.

11/5/2025