UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON CHRISTOPHER LONG**<br>**Plaintiff,**<br><br>v.<br><br>**MAXIMUS EDUCATION, LLC d/b/a**<br>**AIDVANTAGE et al.,**<br><br>**Defendants.** | Case No.: 1:25-CV-3272 (RC) |

## DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Maximus Education, LLC d/b/a/ Aidvantage ("Aidvantage"), Sam Tandy, and Dominic Martin (collectively, "Defendants"), through counsel, respectfully file this Reply Memorandum ("Reply Memorandum") to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss ("Opposition") (Doc. 23). [1]

### I.   INTRODUCTION

Plaintiff's Opposition fails to respond to any of the arguments in Defendants' motion to dismiss. In their motion, Defendants explained that the Court lacks personal jurisdiction over Mr. Tandy and Mr. Martin; there is no private right of action under the Higher Education Act; and that Plaintiff has otherwise failed to plead the elements of his claims. Rather than meaningfully respond, Plaintiff raises unrelated arguments and new allegations that are irrelevant to Defendants' motion to dismiss, including personal attacks on Defendants' counsel. Indeed, Plaintiff has now filed a separate complaint against Husch Blackwell and one of its attorneys in Superior Court of

---

[1] The filing was docketed on November 14, 2025, as Doc. 23. Defendants file this Reply Memorandum within seven days of the date Plaintiff's Memorandum in Opposition was docketed in accordance with Local Civil Rule 7(d). LCvR 7(d).

1

<mark>
</mark>

<mark>

</mark>

<mark>
</mark>

the District of Columbia, simply because counsel removed the case to federal court. Plaintiff's Opposition and vindictive lawsuit against Defendants' attorneys (which is premised on counsel simply defending their clients) underscores the frivolity of Plaintiff's claims. The Complaint should be dismissed in its entirety, and with prejudice.

## II. ARGUMENT

Plaintiff's Opposition fails to counter any of the arguments in Defendants' Motion to Dismiss for lack of personal jurisdiction over Defendants Tandy and Martin ("Individual Employee Defendants") and for failure to state a claim upon which relief can be granted, with respect to all Defendants. The Complaint should be dismissed under Rules 8(a), 12(b)(2) and 12(b)(6).

### A. In failing to address all the arguments in Defendants' Motion to Dismiss, Plaintiff concedes the remaining arguments and his Complaint should be dismissed on this basis.

It is well established that "[w]here a party addresses some but not all arguments raised in a motion to dismiss, courts in this district treat such arguments as conceded." *Palmer v. GMAC Com. Mortg.*, 628 F. Supp. 2d 186, 193 (D.D.C. 2009); *see also Uranga v. U.S. Citizenship & Immigr. Servs.*, 490 F. Supp. 3d 86, 109 (D.D.C. 2020); *CD Int'l Enters., Inc. v. Rockwell Cap. Partners, Inc.*, 251 F. Supp. 3d 39, 46 (D.D.C. 2017). Plaintiff's Opposition fails to address the following arguments from Defendants' Motion to Dismiss:

1. The Court lacks personal jurisdiction over the Individual Employee Defendants.

2. The Complaint should be dismissed as to all Defendants because it does not meet the pleading standards of Rules 8(a) and 9(b).

3. Plaintiff's claims should be dismissed with prejudice because there is no private right of action under the Higher Education Act.

2

4. Even if Plaintiff's student loans could be reformed or discharged, Defendants do not have authority to grant the relief Plaintiff is requesting and are not proper parties.

5. Plaintiff has not alleged any of the elements of a negligence claim and the District of Columbia does not recognize degrees of negligence; therefore, Plaintiff's negligence and gross negligence claims should be dismissed.

6. Plaintiff has not adequately pleaded a claim of intentional infliction of emotional distress and this claim should be dismissed.

Waiver of these arguments is determinative of the outcome of Defendants' Motion to Dismiss. Further, Plaintiff has not addressed why the Complaint should not be dismissed with prejudice. No liberal construction of Plaintiff's Complaint, nor an opportunity to amend, would cure the defects in the Complaint that have been raised in Defendants' Motion to Dismiss. *See Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (dismissing a pro se plaintiff's complaint with prejudice for falling short of the liberal standard set in F.R. Civ. P. 8(a)). As in *Brown*, "The pleading filed by the plaintiff in this case is indeed a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies." *Id.* Plaintiff's Complaint should be dismissed with prejudice.

### B. Plaintiff has failed to explain why the remaining arguments in Defendants' Motion to Dismiss fail.

Plaintiff does not meaningfully respond to the remaining arguments in Defendants' Motion to Dismiss, resorting instead to personal attacks on Defendants and their counsel. Nothing in Plaintiff's Opposition changes that his Complaint falls woefully short of the federal pleading rules.

#### 1. Plaintiff has not stated a claim for violation of the D.C. Student Loan Borrower Bill of Rights or the Consumer Protection Act.

In their Motion to Dismiss, Defendants explained that the relevant provision of the D.C.

Student Loan Borrower Bill of Rights Act (D.C. Code Ann. § 31-106.02a) was not in effect at the time of the alleged conduct, but even if it were, Plaintiff has not identified any conduct that violated the Act.  Doc. 23, p. 7.  Plaintiff fails to respond to this point entirely.  Instead, Plaintiff points to nonbinding guidance issued by the Department of Education in 2025, which is irrelevant and was issued long past the dates of the conduct alleged in the Complaint.  Doc. 23, p. 7.  Plaintiff has not stated a claim for violation of the D.C. Student Loan Borrower Bill of Rights or the Consumer Protection Act.

### 2. Plaintiff has failed to explain why his constructive fraud claim should not be dismissed.

Plaintiff's Opposition simply reasserts allegations that Defendants engaged in fraud.  Doc. 23, p. 7.  Other than Plaintiff's reference to the practice that pro se filings should be liberally construed, Plaintiff provides no explanation as to why these vague allegations meet the required pleading standard to state a claim on which relief can be granted, much less why such allegations meet the heightened pleading requirement of Rule 9(b) for fraud.  Doc. 23, pp. 3, 7.

### 3. Plaintiff has failed to explain why his forgery claim should not be dismissed.

Plaintiff's Opposition includes only a passing reference to the Complaint's allegation of forgery.  Doc. 23, p. 7.  Plaintiff provides no explanation as to why his forgery claim against Defendants, without supporting facts, meets the required pleading standard to state a claim on which relief can be granted.

### 4. Plaintiff has not stated a claim for obstruction and tampering with records.

Plaintiff's Opposition restates conclusory allegations that Defendants tampered with documents.  Doc. 23, p. 7.  Plaintiff fails to address the issue raised in Defendants' Motion to Dismiss that District of Columbia law articulates the offenses of "obstruction of justice" and

"tampering with physical evidence" only with respect to "official proceedings" and that Plaintiff's Complaint does not identify any official proceeding to which the allegations of tampering or obstruction relate. Doc. 19, p. 19.

Overall, Plaintiff has failed to provide any relevant or valid arguments to overcome dismissal. Plaintiff's Complaint is patently frivolous and should be dismissed with prejudice.

Indeed, because Plaintiff is unable to show that he has stated a colorable, non-frivolous claim against Defendants, he has now resorted to attacking Defendants' counsel. On November 15, 2025, Plaintiff filed a lawsuit against Husch Blackwell LLP and Rachel Myers, an attorney at Husch Blackwell, in Superior Court of the District of Columbia (2025-CAB-007585). The lawsuit is frivolous and is basically a collateral attack on Defendants' removal of this case and defense. Regardless, Plaintiff's new lawsuit underscores his retaliatory litigation tactics, including that he named two individual employees of Aidvantage in this lawsuit simply because they communicated with him about his loans. Plaintiff should not be permitted to use the courts to prosecute personal grievances against Defendants and their counsel. Plaintiff's Complaint should be dismissed with prejudice.

## IV.    CONCLUSION

Plaintiff has not demonstrated why the arguments in Defendants' Motion to Dismiss are invalid or unpersuasive. Further, Plaintiff's continued assertions that removal to this Court was improper due to fraud and concealment by an attorney at the firm of Defendants' counsel are factually incorrect, unsubstantiated, and not properly raised in the form of a Memorandum in Opposition.

DATED this 21st day of November 2025.

Respectfully submitted,

 /s/ Michael Klebanov
Michael Klebanov          Bar No.: 1048021
HUSCH BLACKWELL, LLP
1800 Pennsylvania Ave., NW, Suite 1000
Washington, DC 20006
Phone: 202.378.2300
Fax: 202.378.2319
Email: Michael.Klebanov@huschblackwell.com

*Attorney for Defendants Maximus Education, LLC d/b/a Aidvantage, Dominic Martin, and Sam Tandy*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, the foregoing was served upon plaintiff via email, and on November 24, 2025, by certified and regular mail to:

Jason Christopher Long
5112 MacArthur Blvd., N.W., Unit 4
Washington, DC 20016
Tel: 202.790.2276
Email: jclong2010@yahoo.com

*Plaintiff in Pro Per*

 /s/ Michael Klebanov

6