THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jason Christopher Long,<br><br>    Plaintiff,<br><br>vs.<br><br>MAXIMUS D/B/A AIDVANTAGE, EL AT.,<br><br>    Defendant | Case No.: 25-cv-3272 RC<br><br>Judge: Rudolph Contreras<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE NEW ARGUMENTS RAISED IN DEFENDANTS' REPLY (DKTS. 23–24) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE NEW ARGUMENTS RAISED IN DEFENDANTS' REPLY (Dkts. 23–24)**

Plaintiff respectfully submits this Memorandum in support of his Motion to Strike the new arguments and new evidence raised for the first time in Defendants' Reply (Dkt. 24) and their Errata filing (Dkt. 23). The Court should strike those materials because they violate well-established D.C. Circuit precedent prohibiting parties from raising new arguments in reply.

## INTRODUCTION

Defendants' Reply and Errata go far beyond responding to Plaintiff's Memorandum in Opposition. They improperly introduce:

new legal arguments regarding jurisdiction,

new factual assertions not contained in the Motion to Dismiss, and
new substantive material added through an Errata that is not clerical in nature.

These tactics deny Plaintiff a fair opportunity to respond and constitute improper sandbagging. The D.C. Circuit is clear: new arguments raised in reply must be disregarded or struck.

## LEGAL STANDARD

Courts consistently hold that arguments raised for the first time in reply briefs must be disregarded.
See, e.g.: Baloch v. Kempthorne, 550 F.3d 1191, 1202 (D.C. Cir. 2008) (court will not consider arguments raised for the first time in a reply).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE NEW ARGUMENTS RAISED IN DEFENDANTS' REPLY (DKTS. 23–24) - 1



**RECEIVED**
DEC 8 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Aleutian Pribilof Islands Ass'n v. Kempthorne, 537 F. Supp. 2d 1, 12 n.5 (D.D.C. 2008).
Jones v. Mukasey, 565 F. Supp. 2d 68, 81 (D.D.C. 2008).

Courts within the D.C. Circuit strike or disregard such arguments to preserve fairness in the adversarial process.

Further, "errata" cannot be used as a backdoor to modify a substantive filing. Errata are limited to clerical corrections. Substantive modifications must be filed under Rule 15 or by leave of Court. See Fed. R. Civ. P. 15(d).
Defendants' Errata (Dkt. 23) is plainly substantive.

## ARGUMENT

**A. The Reply Introduces Multiple New Arguments Not Raised in the Motion to Dismiss**

Defendants' Reply asserts new jurisdictional theories and factual assertions that were not part of their Motion to

Dismiss. These include—but are not limited to—the arguments listed in Exhibit A (Items 1–5) attached to the Motion.

The D.C. Circuit forbids raising new arguments that deprive the opposing party of a fair opportunity to respond.

**B. The Errata Improperly Adds Substantive Content**

Docket 23 is not a clerical correction.

It modifies the argument section, adds a proposed order, and modifies jurisdictional assertions. Such changes are substantive, and therefore cannot be made without:
leave of court, or amendment under Rule 15.

Because Defendants used "Errata" to amend their briefing, the filing is improper and should be struck.

**C. Plaintiff Is Prejudiced if These Arguments Remain in the Record**

The prejudice is clear:

Plaintiff prepared and filed his Opposition based on the Motion to Dismiss as written.

Defendants shifted arguments only after reading Plaintiff's Opposition.

This deprives Plaintiff of the opportunity to respond as of right.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE NEW ARGUMENTS RAISED IN DEFENDANTS' REPLY (DKTS. 23–24) - 2

Courts strongly disfavor this sandbagging tactic.

## REQUEST FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests the Court to:

1. Strike the new arguments in Defendants' Reply (Dkt. 24).

2. Strike all substantive additions contained in the Errata (Dkt. 23).

3. Consider only the arguments properly raised in the Motion to Dismiss (Dkt. 19).

4. Alternatively, grant Plaintiff leave to file a supplemental response.

## CONCLUSION

The Court should grant the Motion to Strike.

*/s/ Jason C. Long*
Jason Christopher Long
Plaintiff, Pro Per
Email: jclong2010@yahoo.com
"Without Prejudice" UCC 1-308.
Date: 12/8/2025

## PROPOSED ORDER

Upon consideration of Plaintiff's Motion to Strike New Arguments Raised in Defendants' Reply (Dkts. 23–24), and the entire record herein, it is hereby:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that all new arguments and factual assertions raised for the first time in Defendants' Reply (Dkt. 24) are

STRICKEN; and it is further

ORDERED that all substantive additions contained in Defendants' Errata (Dkt. 23) are STRICKEN; and it is further

ORDERED that the Court will consider only those arguments raised in Defendants' Motion to Dismiss (Dkt. 19) and properly addressed in the parties' original briefing.
SO, ORDERED.

_____
Hon. Rudolph Contreras

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE NEW ARGUMENTS RAISED IN DEFENDANTS' REPLY (DKTS. 23–24) - 3

United States District Judge
Dated: _____

## CERTIFICATE OF SERVICE (NON-ECF / EMAIL SERVICE)

I hereby certify that on this 8th day of December 2025, I served a true and correct copy of the foregoing Motion to Strike New Arguments Raised in Defendants' Reply, together with all supporting documents and the Proposed Order, by email to the following counsel of record:

Michael Klebanov, Esq. Husch Blackwell LLP
1801 Pennsylvania Ave NW, Unit 1000
Washington, DC 20006
United States
Email: michael.klebanov@huschblackwell.com

I am not a registered CM/ECF filer, and therefore service was made by email pursuant to the applicable rules.

*/s/ Jason C. Long*
Jason Christopher Long
Plaintiff, Pro Per
Email: jclong2010@yahoo.com
"Without Prejudice" UCC 1-308.
Date: 12/8/2025