UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jason Christopher Long,<br><br>Plaintiff,<br><br>vs.<br><br>MAXIMUS D/B/A/ AIDVANTAGE ET AL,<br><br>Defendant | Case No.: 25-cv-3272 RC<br><br>**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR RECUSAL** |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR RECUSAL**

COMES NOW, the Plaintiff, Jason Christopher Long, and hereby provides this reply in support of his Motion for Recusal, and in opposition to the Defendant's Memorandum in Opposition filed on December 31, 2025, and states as follows:

**I. THE COURT'S RULINGS AND THE STANDARD FOR RECUSAL**

The Defendant asserts that the Court's rulings—specifically, the granting of extensions of time and the denial of Plaintiff's motions—are procedural and justified, and therefore do not suggest bias. While it is correct that judicial rulings alone generally do not constitute a basis for recusal, the totality of circumstances must be considered (In re Mason, 916 A.2d 1022, 1032 (D.C. 2007)).

**II. THE IMPACT OF EARLY RULINGS ON APPEARANCE OF BIAS**

The Court granted both of the Defendant's motions for extensions of time, which arguably favor the Defendant, and denied all of Plaintiff's motions as premature. Although these are routine procedural rulings, when viewed collectively and early in the case, they can contribute to an appearance of bias or predisposition (Trump v. District of Columbia, 694 F. Supp. 2d 148, 151 (D.D.C. 2010)). The D.C. Circuit emphasizes that "the question is whether a reasonable observer would question the judge's impartiality," a low threshold (United States v. Morgan, 713 F.2d 955, 958 (D.C. Cir. 1983)).

**III. PROCEDURAL JUSTIFICATIONS AND THE PRESUMPTION OF IMPARTIALITY**

The Court's denial of motions as premature, with explicit procedural justification, does not eliminate the possibility that these rulings, in the context of the early stage of proceedings, could be perceived as indicative of bias (In re Mason, 916 A.2d at 1031). This perception warrants careful consideration under 28 U.S.C. § 455(a).

**IV. LEGAL AUTHORITY SUPPORTING RECUSAL**

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR RECUSAL - 1

**RECEIVED**
JAN 6 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

The standard under 28 U.S.C. § 455(a) requires that the judge's impartiality might reasonably be questioned. The D.C. Circuit has recognized that even routine rulings, if suggestive of a predisposition, can warrant recusal (In re Mason, 916 A.2d at 1032). Moreover, the Supreme Court in Liteky v. United States clarified that judicial rulings alone are insufficient; rather, the totality of circumstances—particularly early in the case—can support concerns of bias (Liteky v. United States, 510 U.S. 540, 555-56 (1994)).

## V. CONCLUSION

Based on the totality of circumstances and relevant legal standards, Plaintiff respectfully requests that the Court deny the Defendant's Memorandum in Opposition and find that recusal or further inquiry into the potential appearance of bias is warranted. The presumption of judicial impartiality must be maintained, especially considering the early procedural rulings which could be perceived as prejudicial.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Deny the Defendant's Opposition; and

B. Grant the Motion for Recusal.

Respectfully Provided,

*[signature]*

Jason Christopher Long
Plaintiff, Pro Per
"Without Prejudice"
1/6/2026

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR RECUSAL - 2