UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| JASON CHRISTOPHER LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-3272 (RC) |
| | ) | |
| MAXIMUS EDUCATION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER

This matter is before the Court on Plaintiff's Motion to Recuse (ECF No. 27, "Mot. Recuse"). According to plaintiff, there is "a documented pattern of procedural irregularities, unexplained denials, inconsistent treatment of filings, and docket errors beginning September 18, 2025, all of which create an objective appearance of partiality[.]" Mot. Recuse at 1. The motion is DENIED.

"Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Recusal is required when 'a reasonable and informed observer would question the judge's impartiality.'" *SEC v. Loving Spirit Found. Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam)). This is an objective standard, and "a judge must recuse [himself] only if there 'is a showing of an appearance of bias or prejudice sufficient to permit the average citizen reasonably to question a judge's impartiality.'" *Karim-Panahi v. U.S. Cong., Senate & House of*

1

*Representatives*, 105 F. App'x 270, 274 (D.C. Cir. 2004) (per curiam) (citing *United States v. Heldt*, 668 F.2d 1238, 1271 (D.C. Cir. 1981)).

"[T]he moving party must demonstrate by clear and convincing evidence that a judge has conducted himself in a manner supporting disqualification." *United States v. Nixon*, 267 F. Supp. 3d 140, 147 (D.D.C. 2017). "Importantly, to be disqualifying, the alleged bias usually must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Klayman v. Judicial Watch, Inc.*, 744 F. Supp. 2d 264, 270 (D.D.C. 2010) (quotations omitted); *see Liteky v. United States*, 510 U.S. 540, 550 (1994) (stating that moving party must demonstrate that judge has "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess").

Plaintiff makes three arguments for the undersigned's recusal. First, plaintiff faults the Court for permitting defendant, at the Clerk of Court's direction, *see* Sept. 19, 2025, Notice of New Case Error, to correct an error with respect to the Notice of Removal (ECF No. 1), particularly because plaintiff "never consented to removal," Mot. Recuse at 2. But the Local Civil Rules of this Court expressly permit the Clerk of Court to notify a party of an error and direct that party to correct it. *See* LCvR 5.4(g).

Next, plaintiff complains of "Asymmetric Treatment." Mot. Recuse at 2, 4. He asserts, *see id.* at 3, that the Court granted defendant's motions for extensions of time to file a response to the complaint (ECF Nos. 8, 12), denied plaintiff's motions (ECF No. 9, 16, 17) without explanation or analysis, *see* Mot. Recuse at 3, and otherwise granted defendant "[f]avors," *id.* at 4, by giving its submissions immediate attention while denying, delaying,

labeling premature, or ignoring plaintiff's submissions, *see id*. The Court notes that the nature of parties' motions differs substantially: defendant's motions facilitated its initial response to the complaint, while plaintiff's motions leap forward to discovery and the merits of his claims. *See, e.g.*, Pl.'s Mot to Declare Loan Documents Void Ab Initio due to Forgery and Constructive Fraud, and for Issuance of Subpoena to Navient Solutions, LLC (ECF No. 16). Here, deferral of discovery-related matters, at least until such time as the Court rules on defendant's pending motion to dismiss for lack of jurisdiction, is reasonable and makes for the orderly progression of the case.

      Third, plaintiff points to a purportedly erroneous docket entry. *See* Mot. Recuse at 3. The Court issued an Order on October 17, 2025, directing plaintiff to file his opposition to defendant's motion to dismiss by November 17, 2025, and a corresponding docket entry, according to plaintiff, set "a Deadline 53 Years in the Past," Mot. Recuse at 3. "This impossible date created procedural confusion on the public docket," *id.*, which "directly impacted Plaintiff's response schedule for a dispositive motion," *id.* at 4. Plaintiff is wrong. Contrary to plaintiff's representation ("Responses due by 11/17/1972"), both the October 17, 2025, Order (ECF No. 21) and the corresponding docket entry ("Set/Reset Deadlines: Responses due by 11/17/2025") set the same deadline for plaintiff's opposition. And any purported "procedural confusion" did not prevent plaintiff from responding to defendant's motion to dismiss. Albeit four calendar days late, plaintiff filed an opposition to defendant's motion (ECF No. 22), as well as an Errata (ECF No. 23), a Surreply (ECF No. 25), a Supplemental Memorandum (ECF No. 26) and two Notices (ECF Nos. 28-29).

Plaintiff fails to demonstrate bias stemming from an extrajudicial source, and his "dissatisfaction with [the] court's rulings . . . provides a proper ground for appeal —*not* for recusal." *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 128 (D.D.C. 2013) (citation omitted).

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Recuse [27] is DENIED.

SO ORDERED.

DATE: January 15, 2026                         /s/
                                               RUDOLPH CONTRERAS
                                               United States District Judge